# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-09-0386-TUC-JMR-DTF |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Christopher Bryan Garcia, | |
| Defendant. | |

Defendant Christopher Bryan Garcia moves this Court for an order suppressing Defendant's DNA evidence. (Doc. No. 75.) The government responded in opposition to the motion. (Doc. No. 82.) Defendant Garcia has not filed a reply to the government's response. This matter came before the Court for a report and recommendation as a result of a referral, pursuant to LRCrim 5.1. No evidentiary hearing has been requested by the defendant, and the Court, having considered the matter, does not find one necessary. Having now considered the matter, the Magistrate Judge recommends that the District Court, after its independent review, DENY Defendant's Motion to Suppress Evidence.

On March 11, 2009, Defendant was indicted and charged with two counts of aggravated sexual abuse pursuant to 18 U.S.C. § 2241(c). On August 11, 2009, in order to compare the DNA of the semen detected during the victim's sexual assault examination with the DNA of Defendant, the government obtained a search warrant to obtain buccal swabs of Defendant's DNA. Subsequent examination of the DNA thus obtained revealed that the semen was that of Defendant.

In his Motion to Suppress Defendant's DNA Evidence, Defendant contends that a search warrant for Defendant's DNA post-indictment is an abuse of due process. (Doc. No. 75 at 2.) Specifically, Defendant argues that the post-indictment search warrant for DNA evidence was improper, because DNA is not "evidence of a crime" within the meaning of Federal Rule of Criminal Procedure 41(c) and, thus, is not the proper subject of a search warrant. Defendant further argues that the proper means to obtain a DNA sample from Defendant is through a motion to compel, which would have required that the government show that probable cause existed to obtain the DNA sample. (Doc. No. 75 at 4.)

In suggesting that a post-indictment search warrant may be improper, Defendant cites an out-of-district case, *United States v. Solomon*, 2009 WL 1470348 (W.D. Mo. May 27, 2009). However, the court in *Solomon* found no authority suggesting that a post-indictment search warrant is improper. *Id.* at 2. Defendant himself admits as much. (Doc. No. 75 at 3-4.)

A post-indictment search warrant is proper where the warrant seeks evidence to prosecute the crimes charged in the indictment. *KRL v. Moore*, 384 F.3d 1105, 1112 (9th Cir. 2004). In a case of aggravated sexual abuse, a defendant's DNA which is sought to determine whether it matches DNA from semen detected during a sexual assault examination is plainly sought in order to "prosecute the crimes charged in the indictment." Indeed, as the government points out, if the DNA evidence was not evidence of the crimes charged, Defendant would not be seeking to suppress it. (Doc. No. 82 at 4.)

Finally, while Defendant might prefer that the government file a motion to compel rather than seek a search warrant because a motion to compel would allow for cross-examination of the government's witnesses, the government is perfectly free to choose to pursue a search warrant instead. The government's burden in either case is the same: as in a motion to compel, probable cause must be shown to obtain a search warrant. Fed. R. Crim. P. 41(d)(1).

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court DENY Defendant's Motion to Suppress Evidence. (Doc. No. 75.)

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived.

DATED this 26th day of May, 2010.

D. Thomas Ferraro
United States Magistrate Judge