IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  )<br>         Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>Christopher Bryan Garcia,  )<br>         Defendant.  )<br>_____ ) | CR-09-0386-TUC-JMR-DTF<br><br>**REPORT & RECOMMENDATION** |

Defendant Christopher Bryan Garcia moves this Court for an order precluding admission of portions of his statement. (Doc. No. 92.) The government responded in opposition to the motion (Doc. No. 95) and Defendant replied (Doc. No. 106). This matter came before Magistrate Judge Ferraro for a hearing and a report and recommendation as a result of a referral, pursuant to LRCrim 5.1. Argument on the motion was heard on June 2, 2010. This matter was submitted following oral argument and taken under advisement.

Defendant requests that the government be precluded from admitting his statement or testimony about his statement beginning at line 18 on page 6 of the transcript.

Defendant sets forth the following facts relevant to his motion:

> On January 29, 2009, Garcia, driven by his parents, Lawrence Garcia, met with Tohono O'odham Detective Manny Rodriguez at the Tohono O'odham Police Department in Sells, Arizona. The interrogation was videotaped. Garcia was not cuffed, but sat within a small room in the Police Department alone with Det. Rodriguez. He was offered water, told he was not under arrest and, if at any time he was uncomfortable, he was free to leave. Det. Rodriguez did not specifically advise Garcia of his *Miranda* rights.

(Doc. No. 92 at 2.) Defendant does not contend he was in custody during the interview.

A transcript of the interview was admitted at the hearing. The disputed portion began with Detective Garcia asking if Defendant ever had slept on the floor of the victim's room:

| | | |
|---|---|---|
| 18 | CG: | No. Okay, I'm not, I'm not liking this. |
| 20 | MR: | Okay. |
| 22 | CG: | I don't like what I'm hearing. |
| 24 | MR: | Alright. |
| 26 | CG: | I don't know what Faye's . . . doing. This doesn't sound so good. |
| 28 | MR: | Okay. Did you, did you, do you feel like you want to continue with the interview? |
| 31 | CG: | I think I'm going to need somebody else here with me.[1] |

(Mot. Hr'g, Def.'s Ex. 23 at 6.)

---

[1] The remainder of the transcript is as follows:

| | | |
|---|---|---|
| 33 | MR: | Okay. Alright, well, that's, that's, that's perfectly fine. Okay, well, I'll go ahead and stop with, stop with the interview. Alright? Okay. Did you, did you wanna . . . ? |
| 37 | CG: | I want to find out what, where's this is going next. I don't know. |
| 39 | MR: | That . . .. |
| 41 | CG: | Because there's a problem. |
| 1 | MR: | This is just an investigation that I have, I have to investigate. This is the only reason why I wanted you to come in here. I just had other couple of questions that I wanted to ask in reference to, into uh some of Faye's children and, and that was it. But we'll go ahead and stop the interview at this point. And, ah, I'll tell you what, I'll be giving you a call at a, at a later time and uh maybe then we can, ah, rearrange an interview with maybe whoever you want present with you at that time. |
| 9 | CG: | I mean I think I'm going to need a lawyer cause I don't like what I'm hearing here. |
| 12 | MR: | Okay, okay, that's, that's perfectly fine. |
| 14 | CG: | Okay. |
| 16 | MR: | Alright, thanks a lot, Chris. I appreciate it. |

(Mot. Hr'g, Def.'s Ex. 23 at 6:33-7:16.)

At oral argument, the government agreed that it would not offer, in its case in chief, Defendant's statement, "I think I'm going to need somebody else here with me," or any subsequent portion of the interview. If the government believes Defendant has opened the door to the remainder of the interview during trial, it will approach the bench and seek permission prior to introducing it. Therefore, Defendant's motion to preclude the portion of the interview from page 6, line 31 to the end is moot.

Defendant contends that his statement beginning on page 6, line 18, "No. Okay, I'm not, I'm not liking this," was a request to terminate the interview and its admission would violate his Fifth Amendment right against self-incrimination. The circuit courts of appeal are split on whether non-custodial silence or refusal to talk is admissible against a defendant at trial. *Compare United States v. Oplinger*, 150 F.3d 1061, 1067 (9th Cir. 1998) (finding constitutional the admission of pre-arrest silence as evidence of guilt), *overturned on other grounds by United States v. Contreras*, 593 F.3d 1135 (9th Cir. 2010), *with United States ex rel. Savory v. Lane*, 832 F.2d 1011, 1017-18 (7th Cir. 1987) (finding admission of defendant's pre-arrest refusal to talk as evidence of guilt violated the Fifth Amendment right against self-incrimination). The Ninth Circuit noted in *Oplinger* that the case did not involve a government agent, while the circuits that found the admission of pre-custodial silence as evidence of guilt to be unconstitutional, had done so in the context of questioning by a government actor. 150 F.3d at 1067 & n.6. The Court need not reach these constitutional questions because Defendant's case is factually distinguishable. Defendant's statements from line 18 through line 26 were spontaneous declarations not compelled by continued questioning, and cannot reasonably be interpreted as silence or a request to stop talking to the detective. Because this portion of the interview was not an invocation of a right to silence or to terminate the interview, Defendant fails to establish any basis for its suppression.

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court DENY Defendant's Request to Suppress Defendant's Statement at page 6, lines 18 to 26, and DENY as moot the request to suppress the remainder of the

statement. (Doc. No. 92.) Pursuant to agreement of the parties to waive the fourteen days allowed for objections (Doc. No. 107), service and filing of written objections shall be done on or before June 10, 2010. If objections are not filed, they may be deemed waived.

DATED this 3rd day of June, 2010.

_____
D. Thomas Ferraro
United States Magistrate Judge