# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-09-0386-TUC-JMR-DTF |
| Plaintiff, | |
| vs. | **REPORT & RECOMMENDATION** |
| Christopher Bryan Garcia, | |
| Defendant. | |

Defendant Christopher Bryan Garcia filed a Notice of Intent to Present Evidence of Other Acts and Prior Convictions, regarding witness Faye Ventura. (Doc. No. 94.) The government filed a response and a supplemental response, asking the Court to preclude all but one of the categories of other acts evidence noticed by Defendant. (Doc. Nos. 97, 108.) Defendant filed a reply. (Doc. No. 105.)

Defendant submits that his defense to the aggravated sexual assault charge against him is that witness Faye Ventura (the victim's mother and the reporter of the assault) fabricated the allegation in retribution for a debt she perceived Garcia owed her and to cover up the fact that she stole approximately $70 in cash from Garcia while he was sleeping on the night of the alleged crime. Defendant provided notice of six categories of Ventura's other acts and/or convictions that he intends to present.

The primary basis on which Defendant seeks to have these other acts admitted is Federal Rule of Evidence 404(b):

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may,

however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The Court discusses each category of evidence below based on the factual purpose for which Defendant seeks to have it admitted.

**1. In 2007 and 2008, Ventura and Garcia drove undocumented immigrants within Arizona. Ventura believes Garcia did not pay her what she was owed for that driving; and**

**2. On October 30, 1997, Ventura pled guilty in federal court to aiding and abetting improper entry.**

Defendant does not attempt to admit the conviction in category 2 under Rule 609, which addresses impeachment by evidence of a conviction of crime, and it is outside that rule because it was a petty offense and is more than ten years old. Fed. R. Evid. 609(a) & (b). Rather, Defendant contends the first two categories support his defense that Ventura believed Garcia owed her money for alien smuggling in 2007 and 2008, and they are admissible to show motive, intent and knowledge. At argument, Defendant indicated the evidence was important to "fill out the story." The 1997 conviction has no relationship to the alleged debt and the similarity in conduct is irrelevant. Further, proof that Ventura engaged in alien smuggling in 2007 and 2008 does not establish a motive, rather, it is the alleged debt that is asserted as a motive. Defendant argues that even if the Court precludes evidence of the basis for the alleged debt, alien smuggling, he must be allowed to show that Ventura believed there was a debt. The Court agrees. Defendant should be precluded from presenting evidence of the 1997 conviction and the 2007, 2008 alien smuggling. However, he should be allowed to present evidence that Ventura believed Garcia was in debt to her without offering an explanation that it was a debt arising out of criminal activity.

**3.     April 3, 2001, Ventura pled guilty to false information to law enforcement.**

The government will be putting Ventura on as a witness in its case in chief. Defendant seeks to admit this third category of evidence to impeach Ventura's honesty in testifying truthfully at trial. The government does not oppose admission of this for the purpose presented by Defendant and it is properly admissible under Federal Rule of Evidence 609(a)(2).

**4.    June 23, 2000, and June 8, 2007, Ventura pled guilty to driving under the influence; and**

**5.    December 20, 2002, August 18, 2007, and October 28, 1997, Ventura charged with unlawful possession or transportation of liquor or driving under the influence.**

Defendant seeks to admit categories four and five to demonstrate that Ventura has an addiction, which evidences intent, plan and/or absence of mistake in drinking on the night of November 27, the evening before the alleged assault. Defendant asserts that Ventura's consumption of alcohol the evening before the events is relevant to her credibility in perceiving and recalling the events of that evening. While it may be relevant for Defendant to present evidence of whether Ventura drank, and how much she drank, on the night of the assault, her prior charges and convictions for driving under the influence are irrelevant to proving those points. Thus, Defendant appears to be offering evidence that Ventura has the character trait of being an alcoholic for the forbidden purpose of proving conformity therewith on a particular night. Fed. R. Evid. 404(b). Such evidence is not admissible.

Defendant also argues that the 2007 conviction led to Ventura serving four months in jail, during which time Garcia helped care for her children. Defendant argues the children had a motive to obey Ventura's instructions in accusing Garcia for fear Ventura would be removed from the household again. Defendant fails to establish how Ventura's prior DUI conviction and subsequent absence from the home provided the children a motive to accuse Defendant of molesting the victim. There is no logical link between the two. The evidence in categories four and five should be precluded.

**6.    August 26, 2002, November 21, 2003, April 21, 2006, February 16, 2007, April 27, 2007, January 4, 2008, June 18, 2008, and April 13, 2009, Ventura charged with a civil offense involving minor children.**

In his reply brief, Defendant withdrew an intent to present these acts. Therefore, their admission should be precluded.

**Recommendation**

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court DENY Defendant's Request to Admit the Other Bad Acts in Categories 1, 2, 4, 5 and 6, and GRANT his request to present Category 3 if Ventura testifies

at trial. (Doc. No. 94.) Pursuant to agreement of the parties to waive the fourteen days allowed for objections (Doc. No. 107), service and filing of written objections shall be done on or before June 10, 2010. If objections are not filed, they may be deemed waived.

DATED this 3rd day of June, 2010.

_____
D. Thomas Ferraro
United States Magistrate Judge